IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 4:24-CV-00118 |
| ZAKHRAULA MURTUZALIEVA, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff United States of America files this Complaint against Defendant Zakhraula Murtuzalieva, requesting entry of an Order permitting the involuntary administration of hydration and medications through an intravenous line and alleges as follows:

**I.   Parties, Jurisdiction, and Venue**

1. Plaintiff is the United States of America on behalf of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), an agency of the United States government.

2. Defendant Zakhraula Murtuzalieva is a native and citizen of Russia who is lawfully detained by ICE at Stewart Detention Center ("SDC") in Lumpkin, Georgia. Defendant is detained post-final order of removal under 28 U.S.C. § 1231 awaiting removal from the United States.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345, 8 U.S.C. § 1329, and 28 U.S.C. § 1651.

4. This Court may issue a temporary restraining order or preliminary injunction pursuant to Federal Rule of Civil Procedure 65.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District, in and near the Stewart Detention Center located in Lumpkin, Georgia.

## II. Defendant's Hunger Strike

6. Defendant arrived at SDC on August 15, 2024. She is currently subject to a final order of removal awaiting her removal. *See* Declaration of Adam Orlandella ("Orlandella Decl.").

7. On August 17, 2024, Defendant commenced a hunger strike, during which she is refusing nutrients necessary to sustain her life. *See* Orlandella Decl.; Decl. of Dr. Gehrig Harris, D.O. ("Harris Decl.).

8. On August 20, 2024, in accordance with SDC practice, Defendant was formally placed on hunger strike status after missing her ninth consecutive meal. *See* Orlandella Decl.

9. As of August 26, 2024, Defendant has missed 26 consecutive meals. *See* Orlandella Decl.; Harris Decl.

## III. Defendant refuses to cooperate with SDC medical staff's treatment efforts.

10. Defendant has lost 19.9 lbs and approximately 12% of her baseline body weight since commencing her hunger strike. *See* Harris Decl.

11. As a result of her hunger strike, Defendant presently suffers from weakness, tachycardia, ataxia, and low blood pressure. *See* Harris Decl.

12. Defendant refuses to cooperate with SDC medical staff by refusing nutrients necessary to sustain her life by eating. *See* Orlandella Decl.; Harris Decl.

13. Defendant refuses to cooperate with SDC medical staff by refusing to orally consume fluids to provide nutritional value, such as electrolyte liquids and meal replacement liquids. *See* Harris Decl.

14. Defendant refuses to cooperate with medical staff by refusing hydration and medications through an intravenous line. *See* Harris Decl.

15. Defendant refuses to cooperate with SDC medical staff by refusing to take prescribed medication for nausea. *See* Harris Decl.

**IV.   Court intervention is necessary.**

16. Defendant's continued hunger strike and refusal to comply with SDC medical staff's treatment efforts may result in serious bodily injury, including organ damage, arrhythmia, cardiac arrest, and death. *See* Harris Decl.

17. Plaintiff has made reasonable efforts, through the use of a Russian interpreter, to persuade Defendant to end her hunger strike and comply with SDC medical staff's treatment efforts, to no avail. *See* Orlandella Decl.; Harris Decl.

18. Plaintiff has explained to Defendant that her continued hunger strike and refusal of SDC medical staff's treatment efforts will seriously jeopardize her health, resulting in serious injury or death. *See* Orlandella Decl.; Harris Decl.

19. Plaintiff has informed Defendant that if she does not cooperate with SDC medical staff, then Plaintiff intends to seek a court order to involuntary administer hydration to sustain her life. *See* Orlandella Decl.

20. Defendant's continued hunger strike harms ICE's operations and threatens the health, wellbeing, and safety of SDC detainees, staff, contractors, volunteers, and visitors. *See* Orlandella Decl.

21. The involuntarily administration of hydration, fluids, and medication through an intravenous line is necessary to sustain Defendant's life. Restraints may be needed to accomplish this involuntary treatment and administration of fluids. *See* Harris Decl.

**WHEREFORE**, Plaintiff requests that the Court:

a. Find that an emergency situation exists, requiring immediate action;

b. Enter an order authorizing Plaintiff, through competent medical personnel, to involuntary administer fluids and medications to Defendant through the use of an intravenous line in order to sustain her life;

c. Enter an order authorizing Plaintiff to use restraints on Defendant in order to involuntary administer fluids and medications to Defendant through the use of an intravenous line in order to sustain her life.

d. Enter such further relief as the Court deems appropriate under the circumstances of this case.

Respectfully submitted this 26th day of August, 2024.

                PETER D. LEARY
                UNITED STATES ATTORNEY

By:   *s/ Roger C. Grantham, Jr.*
       ROGER C. GRANTHAM, JR.
       Assistant United States Attorney
       Georgia Bar No. 860338
       United States Attorney's Office
       Middle District of Georgia
       P. O. Box 2568
       Columbus, Georgia 31902
       Phone: (706) 649-7728
       Email: roger.grantham@usdoj.gov