IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 4:24-CV-00118 |
| ZAKHRAULA MURTUZALIEVA, | : |
| Defendant. | : |

## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff United States of America moves the Court to enter a temporary restraining order allowing Plaintiff to involuntarily administer hydration and medications, including the use of restraints, to Defendant Zakhraula Murtuzalieva until Defendant decides to discontinue her hunger strike. Plaintiff's reasons are set forth in the following memorandum.

## MEMORANDUM

The Court has jurisdiction pursuant to 28 U.S.C. § 1345 because the United States of America is the Plaintiff. Defendant is a citizen of Russia who is currently detained by the U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE") in Lumpkin, Georgia at the Stewart Detention Center ("SDC"). Defendant is detained post-final order of removal awaiting removal to Russia. See Declaration of Adam Orlandella ("Orlandella Decl.").

Defendant is currently engaged in a hunger strike, during which she is refusing nutrients necessary to sustain her life. Defendant is also refusing to cooperate with the medical staff at SDC, to wit: she is refusing nutrients and medication—including intravenous administration of fluids— necessary to sustain her life. See Declaration of Dr. Gehrig Harris, D.O. ("Harris Decl."). Plaintiff

has made reasonable efforts to persuade Defendant to both discontinue her hunger strike and to consent to the administration of intravenous fluids, to no avail. See Orlandella Decl.

Plaintiff intends to involuntarily administer fluids to Defendant in order to sustain her life and to preserve order and security. Restraints may be needed to accomplish this involuntary monitoring, treatment, and administration of fluids. See Harris Decl.

The majority of courts that have considered the issue of force-feeding a person in custody have upheld the constitutionality of doing so, pointing out numerous governmental interests that are advanced by force-feeding and the thwarting of hunger strikes. In Re Soliman, 134 F. Supp. 2d 1238 (N.D. Ala. 2001), vacated on grounds of mootness, Soliman v. United States, 296 F.3d 1237 (11th Cir. 2002). Contrary decisions are fact-dependent on the particular circumstances and not pertinent here. See In re Grand Jury Subpoena John Doe v. United States, 150 F.3d 170 (2d Cir. 1998) (a force-feeding order did not violate constitutional rights when weighed against the state's interests in preserving life, prevention of suicide, and enforcement of prison security, order and discipline); Garza v. Carlson, 877 F.2d 14 (8th Cir. 1989) (affirming the right of prison officials after a court hearing to force-feed a prisoner on a hunger strike); In re Sanchez, 577 F. Supp. 7 (S.D.N.Y. 1983) (extra attention required to deal with hunger striker creates administrative burden); Laurie v. Senecal, 666 A.2d 806 (R.I. 1995) (prisoner has no right to commit suicide through starvation); State v. Vogel, 537 N.W.2d 358 (N.D. 1995) (courts cannot condone manipulation of medical circumstances to detriment of state's interests, and force-feeding is reasonably related to legitimate interests in order, security, and discipline).

## CONCLUSION

Plaintiff respectfully submits that the Court should enter an order allowing Plaintiff to involuntarily administer hydration and medications to Defendant to sustain her life, including the

administration of intravenous fluids with the use of restraints, until Defendant decides to discontinue her hunger strike.

    Respectfully submitted this 26th day of August, 2024.

                                PETER D. LEARY
                                UNITED STATES ATTORNEY

By:   *s/ Roger C. Grantham, Jr.*
       ROGER C. GRANTHAM, JR.
       Assistant United States Attorney
       Georgia Bar No. 860338
       United States Attorney's Office
       Middle District of Georgia
       P. O. Box 2568
       Columbus, Georgia 31902
       Phone: (706) 649-7728
       Email: roger.grantham@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, I electronically transmitted the attached Motion for Temporary Restraining Order to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: N/A

I further certify that on August 26, 2024, I served the attached document by in-person delivery or via first class mail on the following non-CM/ECF participants:

Zakhraula Murtuzalieva
A # 249373037
c/o Stewart Detention Center
146 CCA Road
P.O. Box 248
Lumpkin, GA  31815

This 26th day of August, 2024.

                                              PETER D. LEARY
                                              UNITED STATES ATTORNEY

By:    *s/ Roger C. Grantham, Jr.*
           ROGER C. GRANTHAM, JR.
           Assistant United States Attorney
           Georgia Bar No. 860338
           United States Attorney's Office
           Middle District of Georgia
           P. O. Box 2568
           Columbus, Georgia 31902
           Phone: (706) 649-7728
           Email: roger.grantham@usdoj.gov